UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MITTIE RENEE JESTER,**

        **Plaintiff,**

v.                                                Case No.

**HEATHER HILL NURSING CENTER, LLC,**
a foreign limited liability company,

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MITTIE RENEE JESTER (hereafter "Plaintiff"), hereby sues Defendant, HEATHER HILL NURSING CENTER, LLC, a foreign limited liability company ("Center" or "Defendant") and alleges:

## NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") to redress Defendant's failure to compensate Plaintiff for overtime work.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Defendant's unlawful conduct under the FLSA was committed within the jurisdiction of the Tampa Division of the United States District Court for the Middle District of Florida.

-1-

4. Defendant conducts business in the Middle District of Florida as a healthcare center and facility that employs a large number of nurses and other related patient support positions. Defendant Center is an enterprise engaged in commerce under the FLSA and has annual revenues greater than $500,000 per year.

5. Plaintiff commenced employment for Defendant in or around July 1999 in a non-exempt position.

6. Plaintiff was paid at an hourly rate of $16.75 per hour as of August 7, 2015, when Plaintiff quit because of Defendant's FLSA violations in requiring Plaintiff to be on call 24 hours a day, 7 days a week, as a staffing coordinator but not paying Plaintiff for her actual hours worked while she was on call.

7. Plaintiff worked a significant number of hours each week over and above 40 hours per week for which Defendant failed to pay any compensation.

8. Defendant knew Plaintiff worked overtime hours on a weekly basis but willfully failed to compensate Plaintiff.

## COUNT I: OVERTIME VIOLATIONS UNDER FLSA

9. Plaintiff restates the allegations contained in paragraphs 1 through 8.

10. Defendant repeatedly and willfully violated the FLSA by failing to pay Plaintiff one and one-half times her hourly rate for hours worked in excess of 40 per week including but not limited to actual hours worked but in addition any time spent on-call which heavily restricted Plaintiff's off-duty activities while away from Defendant's healthcare facility.

11. Plaintiff occupied a non-exempt position with Defendant.

12. Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Order Defendant pay an award of back pay and liquidated damages to Plaintiff;

    B.    Order Defendant to pay prejudgment interest on all sums due Plaintiff;

    C.    Order Defendant to pay an award of attorney's fees and costs; and such further relief as the Court deems just, necessary, and proper.

## COUNT II: CONSTRUCTIVE DISCHARGE UNDER FLSA

13. Plaintiff restates the allegations contained in paragraphs 1 through 8.

14. Defendant created and maintained a work environment in which Plaintiff was almost always on call (without compensation) to take and make telephone calls to meet staffing needs that can arise at any time of day or night and had to refrain from any number of activities which would preclude Plaintiff from answering or placing calls.

15. The work environment was utterly intolerable and Plaintiff's constructive discharge was a violation of the FLSA because Defendant would not have subjected Plaintiff to the onerous terms and conditions of employment had Defendant complied with the FLSA and paid overtime compensation to Plaintiff as required by law.

16. But-for Defendant's continuing violations of the FLSA, Plaintiff would have received a regular work schedule and relief from being on-call 7 days a week.

17. Plaintiff has been damaged by the foregoing willful conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Order Defendant pay an award of back pay and liquidated damages to Plaintiff;

    B.    Order Defendant to pay prejudgment interest on all sums due Plaintiff;

    C.    Order Defendant to pay an award of attorney's fees and costs; and

such further relief as the Court deems just, necessary, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Craig L. Berman
Craig L. Berman, Esquire
Fla. Bar No. 068977
Plaza Tower
111 Second Avenue N.E.
Suite 706
St. Petersburg, FL 33701
(727) 550-8989
(727) 894-6251
craig@bermanlawpa.com

**TRIAL COUNSEL FOR PLAINTIFF**