# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MITTIE RENEE JESTER,

    Plaintiff,

v.                                Case No. 8:15-cv-2867-T-35AEP

HEATHER HILL NURSING CENTER,
LLC, a foreign limited liability
company,

    Defendant.
_____/

## COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS

### I.
### DEFINITIONS

As used in this Compromise Settlement Agreement and Release of Claims, the following terms shall be defined as follows:

    A.    The term "UNDERSIGNED" shall mean Mittie Renee Jester, her heirs, successors, assigns, executors, administrators, agents, representatives and anyone else claiming by, through or under her.

    B.    The term "RELEASED PARTIES" shall mean Heather Hill Nursing Center, LLC, a foreign limited liability company, Health Services Management of Florida, LLC, and Health Services Management, Inc. and their officers, directors, shareholders, partners, agents, employees, servants, representatives, attorneys, affiliate companies, insurer, and any other person, firm or corporation in privity with them.

    C.    The term "THE PARTIES" shall refer to UNDERSIGNED and RELEASED PARTIES collectively.

    D.    The term "LAWSUIT" shall mean the above-entitled and numbered cause presently pending in the United States District Court, Middle District of Florida, Tampa Division under Case No. 8:15-cv-2867-T-35AEP, and shall be limited to the claims made by the UNDERSIGNED against the RELEASED PARTIES.

## II.
## RECITALS

WHEREAS UNDERSIGNED asserted claims in the LAWSUIT for unpaid overtime under the Fair Labor Standards Act ("FLSA"); and

WHEREAS, the RELEASED PARTIES answered the LAWSUIT, denying the material allegations of the UNDERSIGNED; and

WHEREAS the amounts, if any, of unpaid overtime owed to RELEASED PARTIES was a matter of bona fide dispute between THE PARTIES.

WHEREAS, the UNDERSIGNED understands that liability against the RELEASED PARTIES is uncertain and in dispute; and

WHEREAS, the RELEASED PARTIES have offered to settle UNDERSIGNED'S claims for unpaid overtime in the LAWSUIT, including all claims for unpaid overtime which were asserted in the LAWSUIT, or which had been asserted in the LAWSUIT, for the following sums:
$21,488.00 to settle RELEASED PARTIES' claims of unpaid overtime arising under the FLSA. The foregoing sum is allocated as follows: $5,044.00 for full satisfaction of any overtime owed to RELEASED PARTIES; $5,044.00 for liquidated damages; and $11,400.00 for attorneys' fees.

The sums set forth above and as indicated in the "Payment" Section of this Compromise Settlement Agreement and Release of Claims are payable on behalf of the RELEASED PARTIES.

WHEREAS, the UNDERSIGNED desires to settle any all clams for unpaid overtime asserted in the LAWSUIT or which could have been asserted in the LAWSUIT for the sums set forth above as indicated in the "Payment" Section of this Compromise Settlement Agreement and Release of Claims and release of all claims and other liability against the RELEASED PARTIES;

NOW, THEREFORE, the foregoing premises considered, the parties make the following warranties and agreements.

## III.
## SETTLEMENT AGREEMENT AND RELEASE

1. **Release and Discharge**

For and in consideration of the payment called for herein on behalf of the RELEASED PARTIES, the UNDERSIGNED does hereby compromise, settle, fully release and forever discharge the RELEASED PARTIES of and from any and all claims arising under the FLSA, including any and all claims for unpaid overtime.

2. **Indemnification**

UNDERSIGNED acknowledges and agrees that it shall be solely and exclusively her obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages or other compensation under this Agreement and to report and pay all related taxes or impositions. UNDERSIGNED shall indemnify and hold harmless RELEASED PARTIES, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed or threatened against RELEASED PARTIES by any person or entity relating, directly or indirectly, to the monies received by UNDERSIGNED hereunder.

3. **Payment**

In consideration of the release set forth herein, the RELEASED PARTIES hereby agree to pay the following sum in the following manner:

Upon execution of this Agreement, the RELEASED PARTIES shall pay in cash to Mittie Renee Jester, and her attorney, the sum of $21,488.00 less any applicable withholdings no later than fourteen (14) days after Court approval of the settlement called for herein. UNDERSIGNED agrees to pay from said sum, all of her attorney's fees and all other costs and expenses resulting to them or incurred by or on her behalf in connection with the suits and the settlement set forth herein.

4. **Entry of Dismissal with Prejudice in the LAWSUIT**

For the same aforementioned consideration, the UNDERSIGNED hereby agrees to the entry of a dismissal with prejudice of the LAWSUIT to include all claims asserted in the LAWSUIT or which could have been asserted in the LAWSUIT for unpaid overtime, such claims having been released by the UNDERSIGNED.

5. **Warranties**

The UNDERSIGNED warrants and represents that all counsel of the UNDERSIGNED have received all attorneys' fees and expenses due to her arising out of the LAWSUIT or that she will pay any such sums out of the settlement funds to be paid to the UNDERSIGNED.

The UNDERSIGNED specifically warrants and represents that she is the sole and unconditional owner of the alleged rights, claims, interests, causes of actions and remedies herein released; and that in the event that such rights, claims, interests, causes of actions or remedies have been assigned in whole or in part, this release and indemnity agreement is specifically intended to protect the RELEASED PARTIES from any such alleged rights, claims, interests, causes of actions or remedies which may be asserted against the RELEASED PARTIES, or any one of them by an assignee or assignees or subrogee or subrogees of the UNDERSIGNED.

The **UNDERSIGNED** further warrants that the following expenses including, but not limited to out of pocket expenses, legal expenses, attorneys' fees and court costs have been paid or will be paid out of the recovery herein, and that the cash amount paid herein is all of the consideration for this Compromise Settlement Agreement and Release of Claims.

6.   **Acknowledgment of Doubtful and Disputed Claims**

The **UNDERSIGNED** understands that this settlement is a compromise of a doubtful and disputed claim, made solely to avoid litigation and to make peace, and that the release made herein is not to be construed as an admission of liability on the part of the **RELEASED PARTIES**, by whom liability is expressly denied.

7.   **Cooperation and Further Instruments**

The **UNDERSIGNED** covenants and agrees to cooperate fully and to execute any and all further or supplemental documents and to take additional actions that may be necessary or appropriate to fully effectuate the terms, intent and conditions of this Compromise Settlement Agreement and Release of Claims.

8.   **Further Acknowledgments by UNDERSIGNED**

   A.   **UNDERSIGNED** acknowledges that she is hereby advised to consult with an attorney before signing this Compromise Settlement Agreement and Release of Claims and acknowledges that she has done so. **UNDERSIGNED** further acknowledges that she has freely, knowingly, and voluntarily entered into this Compromise Settlement Agreement and Release of Claims, and that she has read this Compromise Settlement Agreement and Release of Claims and fully understands its terms.

   B.   **UNDERSIGNED** acknowledges that by executing this Compromise Settlement Agreement and Release of Claims, and waiving such rights and claims, as she has herein waived, she is receiving consideration in addition to what she would actually be entitled.

9.   **Counterparts of Agreement**

The **UNDERSIGNED** understands and agrees that this Compromise Settlement Agreement and Release of Claims may be executed in a number of identical counterparts, each of which shall be deemed an original and agreed to for all purposes.

10.  **Venue**

This Settlement Agreement is entered into in the State of Florida, and shall be construed and interpreted by and in accordance with the laws of the State of Florida, and whether or not any choice of law principal would refer its interpretation from the law of another jurisdiction.

11.  **Entire Agreement and Successors in Interest**

This Compromise Settlement Agreement and Release of Claims contains the entire agreement between the parties hereto relating to **UNDERSIGNED'S** claims for unpaid overtime and the terms of this release are contractual and not a mere recital and shall be binding upon and inure to the benefits of the successors in interest and assigns of all the **UNDERSIGNED** and **RELEASED PARTIES**.

12. **Severability**

In the event that any one or more of the provisions of this Compromise Settlement and Release Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity shall not affect any other provision herein.

13. **Representation of Comprehension of Agreement**

In making this Compromise Settlement Agreement and Release of Claims, the **UNDERSIGNED** has not relied upon any statements, representations or inducements pertaining to this matter made by the **RELEASED PARTIES**, or by any person or persons representing her.

The UNDERSIGNED states that she has carefully read the foregoing Compromise Settlement Agreement and Release of Claims, that she has discussed same with her attorneys, that she knows the contents thereof, and that she is signing her name of her own volition and free act.

Witness my hand this 9th day of January, 2017.

_____
MITTIE RENEE JESTER

THE STATE OF FLORIDA §
§
COUNTY OF Pasco §

BEFORE ME, the undersigned authority on this day personally appeared **Mittie Renee Jester** who after being duly sworn stated that she executed the foregoing instrument for the purposes and considerations therein expressed; and that all other statements contained in the foregoing instrument are true and represent the complete agreement of all parties named therein.

SUBSCRIBED and SWORN to before me, this 9 day of January, 2017.

_____
Notary Public, State of Florida

Brianna Allred
COMMISSION #FF239512
EXPIRES: June 10, 2019
WWW.AARONNOTARY.COM

My Commission expires: June 10 2019