## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MITTIE RENEE JESTER,

      Plaintiff,

v.                                    **Case No: 8:15-CV-2867-T-27AEP**

HEATHER HILL NURSING CENTER,
LLC,

      Defendant.

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Enforce Settlement Agreement, (Dkt. 31),

to which Defendant has responded in opposition, (Dkt. 32). Upon consideration, the motion is

**DISMISSED** for lack of federal subject-matter jurisdiction.

Plaintiff filed a Complaint against Defendant for violation of the Fair Labor Standards Act.

(Dkt. 1). The case settled after a mediation held on December 2, 2016. (Dkt. 25). The parties filed

a Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice on January 9, 2017.

(Dkt. 29). On January 18, 2017, this Court entered an order approving the FLSA settlement, stating

in pertinent part:

> Upon careful consideration of the agreement, the Court finds that it is a fair and
> reasonable settlement of a bona fide dispute between the parties over provisions of
> the Fair Labor Standards Act. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't
> of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355
> (11th Cir. 1982). Accordingly, the Joint Motion to Approve FLSA Settlement and for
> Dismissal With Prejudice (Dkt. 29) is **GRANTED**. The Settlement Agreement is
> **APPROVED**. This case is **DISMISSED** *with prejudice*. The Clerk is directed to
> **CLOSE** the file.

(Dkt. 30).

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)). "When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." *Disability Advocates & Counseling Grp., Inc. v. E.M. Kendall Realty, Inc.*, 366 F. App'x 123, 125 (11th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994)). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381; *see also Vogenberger v. ATC Fitness Cape Coral, LLC*, No. 2:14-cv-436-FtM-29CM, 2016 WL 7385748, at *2 (M.D. Fla. Dec. 21, 2016) (holding that a court did not have subject matter jurisdiction over a motion to enforce an FLSA settlement agreement merely because the court entered an order approving the settlement agreement).

This Court did not expressly retain jurisdiction or incorporate the terms of the parties' settlement agreement in its order dismissing the case with prejudice. (Dkt. 30). This Court merely approved the terms of the settlement, and "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the] order." *Kokkonen*, 511 U.S. at 381. Accordingly, the Motion to Enforce Settlement Agreement is **DISMISSED** *with prejudice* for lack of subject matter jurisdiction. The file shall remain closed.

**DONE AND ORDERED** this ___13___ day of March, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record